**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HECTOR VAZQUEZ-PINEDA; et al.,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72225

Agency Nos.    A206-679-645
A206-679-646
A206-679-647

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019[**]
San Francisco, California

Before:  BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.

Hector Vazquez–Pineda, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals ("BIA"), affirming the denial

of his applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT") by an Immigration Judge ("IJ").  His wife

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and child are also petitioners, as derivative beneficiaries of Vazquez–Pineda's application. We deny the petition for review.

1.      An IJ does not have a duty to define a particular social group for a petitioner. Under 8 U.S.C. § 1229a(b)(1), an IJ has a duty to develop the factual record, particularly when the petitioner is unrepresented. *See Jacinto v. INS*, 208 F.3d 725, 732–34 (9th Cir. 2000). An IJ also has a duty to probe the record for possible avenues of relief from removal. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1036 (9th Cir. 2016). However, an IJ does not have a duty to develop new legal theories for claims for relief.[1] *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes (1) demonstrating the existence of a cognizable particular social group, (2) his membership in that particular social group, and (3) a risk of persecution on account of his membership in the specified particular social group." (citation and internal quotation marks omitted)); *see also* 8 C.F.R. § 208.13(b)(1).

Vazquez–Pineda's reliance on *Hernandez–Montiel v. INS*, 225 F.3d 1084 (9th Cir. 2000), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177

---

[1] To the contrary, we have remanded cases when the IJ failed to apply the social group as proffered by the petitioner. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019).

(9th Cir. 2005) (en banc), *vacated*, 500 U.S. 183 (2006), to suggest the IJ has such a duty is misplaced. First, nothing in *Hernandez–Montiel* suggests that an IJ has a duty to redefine a social group. Second, nothing in this record suggests that the rephrasing of Vazquez–Pineda's two proposed social groups would alter the result.

To the extent Vazquez–Pineda challenges the rejection of the proposed social groups raised below, substantial evidence supports the BIA's finding that Vazquez–Pineda's two proposed social groups were not sufficiently particularized or socially distinct to qualify as a "particular social group" for purposes of 8 C.F.R § 1208.13(b)(2)(i)(A).[2] *See Reyes*, 842 F.3d at 1131, 1135.

Accordingly, Vazquez–Pineda failed to establish eligibility for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.     Substantial evidence supports the BIA's determination that Vazquez–Pineda failed to establish he was persecuted on account of a political opinion. The BIA concluded that Vazquez–Pineda did not express a political opinion but rather expressed financial concerns to the Knights Templar cartel. The BIA further

---

[2] Vazquez–Pineda also raised a new proposed social group before the BIA. The BIA did not err in refusing to consider it, because he failed to raise it to the IJ. To the extent that Vazquez–Pineda is raising the same issue before us, it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

3

concluded that, even if he did express an opinion, it was an anti-gang opinion, which is not, without more, considered to be a political opinion. *See Ramos–Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009), *abrogated on other grounds by Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Vazquez–Pineda does not point to any evidence in the record that would compel a contrary conclusion from that of the BIA.

3.      Substantial evidence supports the BIA's conclusion that Vazquez–Pineda failed to establish a clear probability of torture. Torture is "an act . . . specifically intended to inflict severe physical or mental pain or suffering" that must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Although Vazquez–Pineda experienced mental suffering, he was not physically tortured and the alleged mental suffering does not qualify as the "prolonged mental harm" necessary to constitute torture. *See id.* § 208.18(a)(4). Further, Vazquez–Pineda's encounter in Tijuana does not support a conclusion that he will be tortured. Although Vazquez–Pineda generally references country reports to support his CAT claim, he failed to point to any specific evidence which compels the conclusion that it is more likely than not that he will be subject to torture in Mexico.

**PETITION FOR REVIEW DENIED.**